Vermont Superior Court
Filed 05/26/26
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-05542

---

**Hotel Sugarbush Condominium Association v. Constantine Valadavis et al**

---

## ENTRY REGARDING MOTION

**Title:** Motion to Dismiss Individual Defendants and LLC Defendant (Motion: 1)
**Filer:** Brice Simon
**Filed Date:** January 13, 2026

The motion is DENIED.

This is a foreclosure action brought by Plaintiff Hotel Sugarbush Condominium Association against Defendant 59 Mountainside LLC (LLC), which owns 2 units in the development, and LLC's sole member, Defendant Constantine Valadakis, due to allegedly unpaid assessments and related interest and fees. Defendants seek Rule 12(b)(6) dismissal. They argue that: (a) Tammy Valadakis should be dismissed because she is not alleged to be a unit owner, and there is no adequately pleaded claim against her to pierce the corporate veil; (b) Mr. Valadakis should be dismissed because he is not alleged to be a unit owner, and there is no adequately pleaded claim against him to pierce the corporate veil; and (c) the entire action should be dismissed because the complaint does not meet certain pleading requirements of 27A V.S.A. § 3-116. None of these arguments has merit.

The Vermont Supreme Court has described the familiar standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> "A motion to dismiss . . . is not favored and rarely granted." This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309 (citations omitted); see also 5B A. BENJAMIN SPENCER, ET AL., FED. PRAC. & PROC. CIV. § 1357 (4th ed.) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

### 1. *Tammy Valadakis*

The court declines to consider whether Tammy Valadakis should be dismissed as a party from this case because she is not named as a party at all. Rather, she was in the original complaint; the Association then amended the complaint to remove her as a party. This amendment was granted, and she is not a party to this case. Therefore, the relief sought has already been granted, and there is nothing further to litigate.

### 2. *Mr. Valadakis*

Mr. Valadakis argues that he should be dismissed from this case because he is not alleged to be an owner of either of the condominium units in issue, and even if he is the LLC–owner's sole member, there is no pleaded basis for piercing the corporate veil. Thus, he can have no liability for the allegedly unpaid assessments, etc.

There is no piercing-the-corporate-veil claim asserted against Mr. Valadakis. The observation does not lead to the conclusion Mr. Valadakis urges, however. Rather, the complaint includes the clear allegation that in the 2 units that LLC owns, Mr. Valadakis operates a restaurant. Therefore, he is alleged to be in possession and has a personal interest in this proceeding. "All parties in interest shall be joined as parties defendant" in foreclosure actions. V.R.C.P. 80.1(b)(1). Mr. Valadakis is an interested person properly named as a defendant.

### 3. *Pleading requirements*

LLC argues that the Association failed to include certain allegations made mandatory by 27A V.S.A. § 3-116 in the complaint. It argues that: (a) under § 3-116(a), unlike unpaid assessments, unpaid "attorney's fees and costs, other fees, charges, fines, and interest" must be separately reduced to judgment before any such expenses may be included as a basis for foreclosure; (b) § 3-116(m)(1) requires at least 3 months of overdue assessments and that the owner failed to "accept or comply" with a payment plan prior to any foreclosure action; and (c) § 3-116(m)(2) requires that the executive board vote to commence a foreclosure action.[1] For each

---

[1] Counsel for the Association represents in briefing that the requirements of § 3-116(m) were fully satisfied prior to filing suit. The court makes no determination of that matter as any such evidence is not before the court under Rule 12(b)(6) and is unnecessary to this decision.

of these requirements, Mr. Valadakis argues that the complaint makes no relevant allegations and should be dismissed for that reason. In other words, LLC argues that these requirements are not just substantive requirements regarding foreclosure, they are pleading requirements that must be satisfied on the face of the complaint.

Section 3-116(a) does not say that non-assessment debts must be reduced to judgment before a foreclosure action may be filed. Rather, it says that they may be enforced "in the same manner as unpaid assessments under this section." 27A V.S.A. § 3-116(a); see also *id*. § 3-116(o) ("Notwithstanding subsection (a) of this section, *unless sums due the association include an unpaid assessment*, a foreclosure action may not be commenced against the unit unless the association has a judgment against the unit owner for the sums due the association and has perfected a judgment lien against the unit." (emphasis added)). The Association alleges that LLC has refused to pay its assessments for several years.

More importantly, none of the cited, substantive requirements of § 3-116 are pleading requirements that must appear on the face of the complaint. The statute does not say that, there is no evident case law that says that, LLC offers no legal support for the proposition, and the court can find no support of any kind for it.

The complaint easily satisfies the Rule 12(b)(6) standard and the spirit of Rule 8. Defendants have notice of the claims and can respond to them. There is no basis for dismissal.

## ORDER

For the foregoing reasons, Defendants' motion to dismiss is **Denied**.

Electronically signed on 5/25/2026 4:46 PM pursuant to V.R.E.F. 9(d)

_____
Daniel P. Richardson
Superior Court Judge